UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MOHAMMED SALAMAT ULLAH,

        Plaintiff,                              MEMORANDUM AND ORDER
                                                          13-CV-1365 (RRM)(JMA)

    - against -

RITE AID PHARMACY,

        Defendant.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       On March 12, 2013, plaintiff Mohammed S. Ullah, filed this *pro se* action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The court directs plaintiff to file an amended complaint within 30 days as set forth below; otherwise, the action shall be dismissed without prejudice and judgment shall enter.

## BACKGROUND

       Plaintiff, an employee of Rite Aid Pharmacy, alleges that his former manager "was doing insurance fraud" and that when plaintiff refused to do so, the former manager yelled at him in front of customers. (Compl. (Doc. No. 1) at 4.) Plaintiff further alleges that the manager was later fired and that plaintiff was transferred to another branch of the pharmacy where another pharmacy manager "started to retaliation" when he explained what happened at the other pharmacy. (*Id*.) Plaintiff alleges that his hours were reduced. (*Id*.) Plaintiff includes a "Dismissal and Notice of Rights" issued by the Equal Employment Opportunity Commission ("EEOC") dated January 11, 2013. (*See* Compl., Unmarked Exhibit (Doc. No. 1).) Plaintiff has utilized the court's employment discrimination form and marks Title VII as the basis for

1

jurisdiction and checks off race, gender/sex, color, religion and national origin as the bases for defendant's purported discrimination. (*Id*. at 1, 3.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*. While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

Nonetheless, the court is required to dismiss a complaint, filed *in forma pauperis*, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff brings this action pursuant to Title VII. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or

2

privileges of employment, because of such individual's race, color, religion, sex [gender] or national origin." 42 U.S.C. § 2000e-2(a)(1); *Rich v. Associated Brands, Inc.*, 379 F. App'x 78, 80 n.1 (2d Cir. 2010).

To establish a *prima facie* case of discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) was qualified for the position he held, and (3) suffered an adverse employment action, (4) under circumstances giving rise to an inference of discrimination. *Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010).

Here, plaintiff fails to properly plead a claim under Title VII insofar as he fails to allege that he was discriminated against because of his race, color, religion, sex or national origin or that he was terminated under circumstances giving rise to an inference of discrimination. *Ruston v. Town Board for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions" and must "plausibly suggest an entitlement to relief."). Nothing in plaintiff's statement of claim supports his claim of Title VII discrimination based on his race, gender/sex, color, religion or national origin. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## CONCLUSION

In light of plaintiff's *pro se* status, the court directs plaintiff to file an amended employment discrimination complaint and include a statement of claim to support his Title VII claims within 30 days from the entry of this order. Plaintiff must provide facts (also known as the statement of claim) sufficient to support a plausible claim that defendant discriminated against him in violation of Title VII. If plaintiff elects to file an amended complaint, it must be

3

captioned "AMENDED COMPLAINT" and bear the docket number 13-CV-1365 (RRM)(JMA). No summons shall issue and all further proceedings shall be stayed for 30 days or until plaintiff has complied with this order.

If plaintiff fails to file an amended complaint within the time allowed, the action shall be dismissed without prejudice and judgment shall enter.

The Clerk of Court is directed to forward a copy of this order and an employment discrimination complaint form to plaintiff and note the mailing on the docket.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 19, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

4